Roberto **LAGUNAS–CARRANZA**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71475.

United States Court of Appeals, Ninth Circuit.

Submitted: Dec. 6, 2004.*

Decided: Dec. 15, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Raul R. Labrador, Labrador Law Offices, Nampa, ID, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Seattle, WA, M. Jocelyn Wright, Esq., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

Roberto Lagunas–Carranza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of the immigration judge's (IJ") decision finding him removable for alien smuggling under U.S.C. § 1227(a)(1)(E)(i) and denying his request for a continuance. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence the IJ's finding of removability, *Nakamoto v. Ashcroft*, 363 F.3d 874, 882 (9th Cir.2004), and we review de novo petitioner's due process challenge, *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir.2003). We deny the petition in part and dismiss it in part.

 Substantial evidence supports the IJ's finding that Lagunas–Carranza was removable for alien smuggling because the record contains Lagunas–Carranza's signed sworn statement admitting that he knew the passengers in his van were in the United States illegally, and that he had been involved in arranging their transit across the country. *See Nakamoto*, 363 F.3d at 882–83. Moreover, substantial evidence supports the IJ's adverse credibility finding based on petitioner's inconsistent and implausible testimony concerning whether he knew the illegal alien status of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the passengers in his van. *See Wang v. INS,* 352 F.3d 1250, 1258–59 (9th Cir.2003) (concluding that inconsistencies and implausibilities in testimonial and documentary evidence went to the heart of applicant's claim and supported IJ's adverse credibility finding).

■ The IJ did not violate petitioner's due process rights by admitting into evidence petitioner's sworn statement and the hearsay statement of one of the passengers petitioner was accused of assisting into the United States, because the evidence was probative of petitioner's involvement in the smuggling scheme and its admission was not fundamentally unfair. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 823 (9th Cir.2003).

■ We lack jurisdiction over petitioner's contention that the IJ denied him due process by failing to advise him that he was eligible for cancellation of removal or other relief because petitioner did not raise this contention on appeal to the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 676–78 (9th Cir.2004). Although the record indicates that petitioner may have raised the issue in a subsequent motion to reconsider, we lack jurisdiction to review denial of the reconsideration motion because he did not timely petition for review. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996) (holding that the filing of a motion for reconsideration does not toll the filing period for review of a final order of removal).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**